|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | |
|  ) | |
|  v.  ) | C—04-3055 DLJ |
|  ) | CR-04-40127-DLJ (related case) |
| THOMAS GROSSI, LAURETTA WEIMER ) | |
| and ALBERT B. DEL MASSO  ) | |
|  ) | |
| In the matter of $608,916.58  ) | |
| IN U.S. CURRENCY, AS SUBSTITUTE  ) | |
| *RES* FOR REAL PROPERTY LOCATED AT ) | |
| 2638 MARKET STREET, OAKLAND,  ) | |
| CALIFORNIA  ) | |
| _____ ) | |

This Court has ordered that the forfeiture of property related to the criminal proceedings in CR 04-40127, U.S. v. Grossi, should not apply to Petitioner Lauretta Weimer's $100,000 loan to Grossi, which the Court found Grossi had used to purchase the forfeited Market Street property. In making that determination, the Court relied in part on the promissory note between Weimer and Grossi which reflected the terms of the loan. The terms of the promissory note called for repayment in full on or before November 30, 2006.

At a May 18, 2007 hearing the Court ordered the defendant to provide documentation regarding what payments Grossi made to Weimer on the loan, including which payments were toward principal and which toward interest.  Defendant was to serve a copy of its response on the government and then the Court would issue an Order.

On May 29, 2007 Lauretta Weimer filed with the Court an Application for Modification and Clarification of the Preliminary

Forfeiture Order.  Instead of responding to the Court's Order regarding information on loan repayment, this filing instead took the position that the repayment of the loan was immaterial to the Court's determination of money to be returned to Weimer, and was merely a matter between brother and sister.  Although Grossi filed a declaration in support of the Application, it did not set out the amount of any payments, but rather reiterated that repayment of the loan was "a matter that will be determined solely between [Grossi] and Ms. Weimer, in [their] personal relationship as brother and sister."  Grossi Dec. Of May 25, 2007 at ¶ 3.

On June 4, 2007 counsel for the government faxed a letter to Grossi's counsel requesting discovery regarding payments made on the $100,000 promissory note.  Specifically, this letter requested "[i]n addition to payments . . .documentation regarding the unpaid balance of the note and documentation, if any, regarding forgiveness or extension of any portion of the balance of the note."  Counsel enclosed the bench notes from the May 18, 2007 hearing reflecting the defendant's obligation to provide this information.

On June 6, 2007 the government filed an Opposition to Lauretta Weimer's Application for Modification.  This pleading, in part, urged the Court not to rule on the amount owing to Weimer until the requested discovery had been provided.

On June 7, 2007 Petitioner filed a Reply Memorandum taking

the position that Grossi's May 25, 2007 declaration "is sufficient to alleviate the concern" about the amount due back to Weimer and would "allow the parties to resolve that issue between themselves, as is appropriate."

The Court held a further hearing on this matter on June 8, 2007.  At that hearing the Court once again ordered that within 30 days defendant was to provide to the government discovery as to all payments.

On June 13, 2007 in response to the Court's order a "Notice of Payments on Lauretta Weimer Loan re: Preliminary Order of Forfeiture" was filed with the Court. This document sets out payments made by Grossi to Weimer both before and after the date the property was seized by the government.  The filing does not provide any supporting documentation, nor are there any declarations.  Rather, this document, signed by Attorney Michael, states that from the period starting 1 January 2004 until 4 June 2004, total principal payments of $12,333.20 were made and that "[s]ubsequent to 4 June 2004, Grossi continued sending funds to his sister, Lauretta Weimer, until an amount equal to his obligation to her under the promissory note had been paid over."  See Notice of Payments, dated June 13, 2007.

Because the Court had received no documentation from Petitioner Weimer directly, on June 27, 2007 the Court issued an Order regarding Ms. Weimer's status.  This Order informed the

3

parties that based on the representation by counsel that Grossi had paid his sister an amount equal to the value of the loan, the Court would proceed on the assumption that Ms. Weimer concurred unless clarification was filed with the Court within 10 days of the date of the Order.

The intent of that Court Order was to offer an opportunity for Ms. Weimer, by declaration or otherwise, to inform the Court of her position on the repayment of the loan.  However, the responsive filing by Petitioner dated July 9, 2007 did not clarify Ms. Weimer's position.  This filing, for the first time, argues that the loan was somehow extinguished by the sale of the property and that as of the date of the sale Ms. Weimer had no legal right to repayment.

Instead of clarifying Ms. Weimer's position as to whether or not the $100,000 loan has been repaid to her in part or in full, this latest filing seems to add greater uncertainty.  Therefore, the Court renews its Order of May 18th, as amplified by the government's discovery request of June 4, 2007.

Within 15 days of the date of this order, counsel for Petitioner/Defendant is to provide the Court and to serve on the Government: any available documents, including, but not limited to, copies of checks, transmittal documents, or correspondence related to any and all payments made to Lauretta Weimer relating to the $100,000 loan, or as to any correspondence related to a revision of

4

any terms of the loan.

IT IS SO ORDERED

Dated: July 13, 2007

_____
D. Lowell Jensen
United States District Judge