|  |  |  |
|---|---|---|
| United States of America, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | No. CR-04-40127 DLJ |
| THOMAS GROSSI, Jr. | ) | |
|  | ) | |
|  | ) | **ORDER** |
| Defendant. | ) | |
| _____ | ) | |

On January 10, 2006 Grossi was convicted by a jury of a violation of 21 U.S.C.§ 856(a)(2), Owner or Lessee making Property Available for the Manufacture of Marijuana. He also subsequently plead guilty to an additional count of 21 U.S.C. § 856(a)(2). In May 2007, this Court sentenced Grossi to 30 months of imprisonment, followed by a 3 year term of supervised release. Grossi was released from custody on October 26, 2009 and began to serve his period of supervised release.

Grossi has now filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). On January 28, 2011 this Court held a hearing on the motion. Grossi was represented at the hearing by Edward Burch and the government was represented by Keslie Stewart. At the hearing the Court requested that the Probation Office provide the Court with the position of that office on the Motion. The Probation Office has now submitted a letter to the Court outlining its position. Having considered the submissions and arguments of the parties, the Court finds the following.

I. <u>Legal Standard</u>

Modification of a term of Supervised Release is governed by 18 U.S.C. § 3883(e)(1) which provides:

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3883(e)(1).

District courts have broad discretion to alter the conditions of a defendant's supervised release. <u>U.S. v. Miller</u>, 205 F.3d 1098 (9th Cir. 2000).

II. <u>Discussion</u>

Grossi's request for a modification of his term of supervised release is predicated on two issues. First Grossi asserts that he needs a modification in order to be able to spend time with his elderly mother who lives outside of the Northern District. At the hearing the Court heard from the Probation Office, which indicated that Grossi's need to visit with his mother could be accommodated under the terms of his current supervision. Subsequent to the hearing, Grossi filed an addendum to his motion, again reiterating that the as it related to visiting his mother, the requirements of the Probation Office were too burdensome and so the Court should

2

Case 4:04-cr-40127-PJH   Document 377   Filed 02/18/11   Page 3 of 5

terminate his supervision.

The Court has received further information from the Probation Office which sets out reasonable restrictions which balance Grossi's need to be available to his elderly mother with the Probation Office's needs to be aware of his whereabouts. The Court is satisfied that these restrictions are reasonable and finds therefore that this issue does not require the Court to modify the term of Grossi's supervised release.

The only other basis articulated by Grossi for the request for early termination is that he has been on supervised release for a year and during that time he has performed without any violation of his terms of supervised release. The fact that Grossi has been in compliance with the terms of his supervised release ordered by the Court is not in dispute.

Nonetheless, the Probation Office opposes Grossi's request, stating that the position of the Probation Office is that a request based only on the defendant's compliance with the terms of his release, without more, is insufficient to merit the support of the Probation Office. The Probation Office notes that its policy is rooted in the Second Circuit case, United States v. Lussier, 104 F.3d 32, 36 (2nd Cir.1997).

The Court in Lussier held that:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances- for instance, exceptionally good behavior by the

3

>defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Lussier, 104 F.3d at 36.  See also U.S. v. Miller 205 F.3d 1098 (9th Cir. 2000).

Here Grossi has demonstrated no changed circumstances. Generally, in accordance with Lussier, courts looking at this issue have concluded that an exercise of discretion to terminate supervision early is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior. See United States v. Atkin, 38 Fed. Appx. 196, 2002 WL 378076 (6th Cir.2002) (unpublished) FN1, citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir.1997).  Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination. See Karacsonyi v. United States, 152 F.3d 918, 1998 WL 401273 (2nd Cir. June 10, 1998) (unpublished); United States v. Rasco, 2000 WL 45438 (S.D.N.Y. Jan.19, 2000); United States v. Yung, 1998 WL 422795 (D.Kan. Jun.12, 1998).

This Court concurs with the position of the Probation Office that Grossi has not demonstrated any exceptional circumstances sufficient for the Court to exercise its discretion to terminate his supervised release.  Therefore the Motion for Early Termination of Supervised Release is DENIED.

4

IT IS SO ORDERED.

Dated: February 18, 2011

_____
D. Lowell Jensen
United States District Judge