| | |
|---|---|
| 1 | MELINDA HAAG (CSBN 132612) |
| | United States Attorney |
| 2 | |
| | MIRANDA KANE (CSBN 150630) |
| 3 | Chief, Criminal Division |
| 4 | PATRICIA J. KENNEY (CSBN 130238) |
| | Assistant United States Attorney |
| 5 | |
| | 450 Golden Gate Avenue |
| 6 | San Francisco, CA 94102 |
| | Telephone: 415.436.6857 |
| 7 | Facsimile:  415.436.7234 |
| | Email: patricia.kenney@usdoj.gov |
| 8 | |
| | Attorneys for United States of America |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 04-CR-40127 DLJ |
| Plaintiff, | |
| v. | CORRECTED STIPULATION AND ORDER RE: SCHEDULING |
| THOMAS GROSSI, SR., | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 04-CV-03055 DLJ |
| Plaintiff, | |
| v. | CORRECTED STIPULATION AND ORDER RE: SCHEDULING |
| $608,916.58 IN U.S. CURRENCY, AS SUBSTITUTE *RES*, FOR REAL PROPERTY LOCATED AT 2638 MARKET STREET, OAKLAND, CALIFORNIA, | |
| Defendant. | |

1   For reasons which follow, the parties propose the stipulation which follows to keep the hours
2   to be expended in the litigation on the pending attorney fees motion at a minimum.

3   On September 5, 2012, counsel for defendant Thomas Grossi, Sr., and claimant/petitioner
4   Lauretta Weimer, filed a motion for attorney fees based on 28 U.S.C. § 2465(b)(1)(A). On
5   September 5, 2012, the parties exchanged emails regarding the government's position, *inter alia*, that
6   there is no waiver of sovereign immunity under 28 U.S.C. § 2465(b)(1)(A) for fees in this case
7   because the express language of Section 2465(b)(1)(A) provides in pertinent part that the
8   government can only be held liable for a "reasonable attorney fees" in "any civil proceeding to forfeit
9   property" in which a "claimant substantially prevails." 28 U.S.C. § 2465(b)(1)A). Key cases on
10  which the government told counsel it relies include : *United States v. Moser,* 586 F.3d 1089 (8th Cir.
11  2010) (*en banc*); *United States v. Certain Real Property . . . 317 Nick Fitchard Road,* 579 F.3d 1315
12  (11 Cir. 2009); *see also United States v. Kahn,* 497 F.3d 204, 208-09 and n. 6 (2d Cir. 2007).

13  The United States has also proposed that the parties first litigate the jurisdictional issue. If
14  the Court agrees it lacks jurisdiction, the attorney fees matter ends and the case is closed, except for
15  any appeal. If the Court rules that it has jurisdiction, then the United States asserts that it needs
16  discovery in order to address the specifics. Claimants do not agree that the government is entitled
17  to discovery, but the parties agree that fee awards have to be based on the "lodestar" which is the
18  reasonable hourly rate times the number of hours reasonably expended to substantially prevail. The
19  government questions whether claimant has properly supported the hourly rates claimed and whether
20  the number of the hours is reasonable. To oppose the fee motion, the government believes it needs
21  discovery to address:  whether counsel only seeks hours spent on the civil case and has excluded time
22  spent on the criminal case; whether the time claimed was on issues on which claimant prevailed;
23  whether claimant's counsel exercised "billing judgment"; whether the hours claimed are properly
24  compensable as hours of an attorney in this type of litigation (*e.g.,* driving 1.5 hours to pick up
25  documents); whether claimant's counsel has provided otherwise adequate time/date/task information
26  on which to base an award; whether the rates claimed are "reasonable hourly rates."
27  ///
28

Corrected Stip & Order Re: Sched.
CR 04-40127 DLJ
CV  04-3055 DLJ                             2

The United States is sensitive that motions for fees should not take on a life of their own, but at the same time it has legitimate jurisdictional concerns and legitimate concerns about whether the record claimant's counsel has created supports the fee award claimed. In addition, the undersigned is recovering from pneumonia and needs additional time to file its motion to dismiss the fee motion for lack of jurisdiction. Unless time is extended, the United States must file on or before September 19, 2012.

Considering the foregoing, the United States contacted counsel for claimant and sought his agreement to the schedule which is below. Albeit counsel for claimant does not agree that the Court lacks jurisdiction or that its fee motion is deficient, counsel for claimant, David M. Michael, agrees, subject to the Court's approval, to the following schedule:

1. On or before October 3, 2012, the United States shall file its motion to dismiss the attorneys' fee motion for lack of jurisdiction;

2. On or before October 17, 2012, counsel for claimant will file its opposition to the motion;

3. On or before October 24, 2012, the United States will file its reply;

4. On November : , 2012 at 9:00 a.m. in San Jose Courtroom 7, 4th Floor at 280 South First Street, San Jose, CA, the Court will hold a hearing on the fee motion;

5. On or before October 3, 2012, the United States shall also file a motion to take limited discovery from counsel for claimant who seek fees and a copies of the specific discovery that the United States requests;

6. If the Court rules against the United States on the jurisdictional issue, the parties shall hold an in person meet-and-confer within 20 days to see whether they can informally resolve the fee

///
///
///
///
///

Corrected Stip & Order Re: Sched.
CR 04-40127 DLJ
CV  04-3055 DLJ                                3

1  motion. If the fee motion cannot be resolved, then counsel for the United States will notice the
2  motion for discovery on the 5-week schedule. Civ. L. R. 7-2; Fed. R. Crim. P. 32.2(c)(1).
3  * * * * *

4  IT IS SO STIPULATED:                   MELINDA HAAG
                                          United States Attorney
5

6  Dated: September 17, 2012                     /s/
                                          PATRICIA J. KENNEY
7                                         Assistant United States Attorney
                                          Attorneys for the United States of America
8

9  Dated: September 17, 2012                     /s/[1]
                                          DAVID MICHAEL
10                                        EDWARD M. BURCH
                                          LAW OFFICES OF DAVID M. MICHAEL
11                                        Counsel for Defendant Thomas Grossi, Sr.,
                                          and Claimant/Petitioner Lauretta Weimer
12

13  BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED:

14

15                                        _____
                                          HONORABLE D. LOWELL JENSEN
16                                        United States District Judge

---

[1] Mr. Michael, who is out-of-the country, worked on this stipulation with AUSA Kenney and authorized her by email to use "/s/" in lieu of his original signature. AUSA Kenney received the authorization, but inadvertently failed to affix the "/s/" for each attorney when the original stipulation and proposed order was filed in the late evening on September 17, 2012. Hence, this "corrected" stipulation and order re: scheduling is being filed today, September 18, 2012.

Corrected Stip & Order Re: Sched.
CR 04-40127 DLJ
CV  04-3055 DLJ                     4